**CIRCUIT COURT OF FAIRFAX COUNTY**

Richard C. Purvis
and Sandra Purvis

v.

Century Oak SFD
General Partnership

January 24, 1991

Case No. (Law) 97960

By JUDGE J. HOWE BROWN

This case was tried before the Court on January 22, 1991, and is now before the Court for decision. Based upon the evidence, the argument of counsel, and the memoranda filed, the Court makes the following findings of fact and conclusions of law.

Richard C. Purvis and Sandra Purvis (Purvis) sought to buy a home under construction from Century Oak SFD General Partnership (Century Oak). Negotiations were conducted, and papers signed, over several days. A written contract was finally executed, with various addenda, on October 11, 1989, the date on which all the papers were signed by Century Oak. Purvis put down a deposit of $32,000.00. Purvis failed to get final approval for financing, refused to go to settlement on the appointed date, and sues to recover the deposit.

Purvis relies in part upon the provisions of Va. code § 11-2.3 (1989 Repl. Vol.). Without going through the exhaustive analysis presented in similar Circuit

Court cases, suffice it to say that the Purvis contract does not require completed performance within two years from the date of execution and does not otherwise comply with the provision of the statute. The contract therefore is voidable at the option of Purvis. Since Century Oak can only retain the deposit if the contract is valid, Purvis is entitled to a return of deposit, unless Purvis is prevented from declaring the contract void.

Century Oak points out that Purvis never in correspondence declared the contract void and that when Purvis failed to settle, Century Oak became automatically entitled to forfeiture of the deposit under the contract. There is no time limit in § 11-2.3 stating by what date a purchaser must declare the contract void. Under analogous provisions of Va. Code § 11-2 (1989 Repl. Vol.), a party may rely upon the statute of frauds at trial, even if not pleaded. *See, Lawson v. States Constr. Co.*, 193 Va. 513 (1952). Century Oak contends the Court should apply the doctrine of part performance, and since Century Oak had performed fully, Purvis should be precluded from relying on the statute. The doctrine of part performance is a device in equity to take certain agreements out of the statute of frauds to prevent fraud. The doctrine has never been applied in a case under § 11-2.3. The doctrine has never been applied in an action at law. The doctrine of part performance has no application to the case at bar. The provisions of Va. Code § 11-2.3 are clear; Century Oak may not retain the deposit under the contract because the contract is void.

Purvis also contends that the deposit should be returned because Purvis complied with the provisions of the contract, was unable to obtain financing, and the contract provides for return of deposit under those circumstances. In fact, paragraph 3 of the contract does provide for return of deposit if the purchaser tries but is unable to obtain financing. However, this argument ignores the provision of Addendum Number 2. In unambiguous language, this addendum provides that Purvis immediately will apply for preliminary loan approval, and that "once preliminary loan approval is received, all deposit requirements met

and house construction starts, the entire deposit $32,000.00 is forfeitable. In the event purchasers fail to settle hereunder for any reason, other than seller's breach of contract . . . the entire deposit shall be forfeited to seller as liquidated damages . . . ." This provision is in irreconcilable conflict with paragraph 3 of the contract. The addendum further provides "the provisions contained in this addendum supersedes anything to the contrary contained in the above-referenced Purchase Agreement." This provision is clear and unambiguous, and the terms of the addendum control return of the deposit under the agreement. Purvis had preliminary loan approval, construction had begun, and the deposit had been made. This provision protects the builder under these circumstances when the builder goes ahead with construction and the loan later falls through. Here the builder made changes and additions to the house at the request of the buyer after the preliminary loan approval. Rather than involving the court and the parties in the process of trying to figure out what damage the builder suffered by constructing a home based on expectation of full payment after preliminary loan approval, the contract calls for forfeiture of deposit. Based only upon the contract, the deposit would be forfeit.

In summary, under Va. Code § 11-2.3 (1989 Repl. Vol.), Purvis is entitled to declare the contract void and obtain a return of deposit. Were it not for this circumstance, the deposit would be forfeit under the terms of the contract. Judgment should enter in favor of Purvis for return of the $32,000.00 deposit, with interest from March 13, 1990, the date Purvis gave notice to Century Oak of denial of financing, and costs.