## CIRCUIT COURT OF AUGUSTA COUNTY

Donald Sheets
and Loretta Sheets

v.

H. Donald Hawks
and Robin L. Hawks

July 19, 1991

By JUDGE THOMAS H. WOOD

This matter is now before me for decision on Motion for Summary Judgment filed by the defendant.

By contract dated August 25, 1988, the plaintiffs, Donald and Loretta Sheets, agreed to convey certain residential real estate to the defendants, H. Donald and Robin L. Hawks. This contract provided for a closing on September 25, 1988, "or as soon thereafter as title can be examined and necessary documents prepared, with allowance of a reasonable time for seller to correct any title defects reported by the title examiner." This contract also contains the following language: "This contract subject to purchasers' ability to procure financing."

This contract never closed. The reason or reasons there never was a closing are disputed. After the defendants refused to close, the plaintiffs sold the real estate to a third party and have brought this suit to recover the difference in the purchase price and related expenses. The suit was brought on October 18, 1990. The defendants filed their Grounds of Defense raising certain defenses to the Motion for Judgment. Subsequently, defendants sought and were granted leave to amend. Thereafter, defendants wrote a letter voiding the contract and amended their Grounds of Defense to include that defense. The letter

and amended Grounds of Defense are based upon § 11-2.3 of the Code of Virginia.

In essence, § 11-2.3, which was repealed effective July 1, 1991, provides that any contract for the sale of improved residential real estate which does not require completed performance within two years of the date of the execution of the contract shall be voidable at the option of the buyer unless the contract is in such form as it can be recorded, that the contract is executed in duplicate with a copy furnished to the buyer, and that the contract include a provision which requires it to be recorded. Plaintiffs' counsel opines that this Section applies only to, "installment land sales contracts" which came into extensive use as a result of the "Carter economic crisis" of the late 70's and 80's. He further states that the General Assembly enacted this statute, "for the protection of the unwary, unsophisticated or legally uninformed purchaser." It is my opinion altogether inappropriate to construe a statute to mean something it does not say on the basis of what I perceive to be the historical context of that statute. The vice of such an approach can be readily demonstrated.

Plaintiffs' counsel overlooks the fact that this statute was enacted by a General Assembly which convened approximately two weeks prior to President Carter's inauguration and became effective less than six months after that date. I suspect it would be more accurate to state that this statute resulted from the problems caused by the attempts of individuals encouraged by well-meaning but sometimes unprincipled and/or uninformed realtors to evade clauses in deeds of trust which provided for the call of the note in the event of the "sale or other conveyance" of the subject real estate. These clauses began to appear regularly when the 6% ceiling on interest rates on real estate loans was removed by the General Assembly as, I suggest, the result of the quite natural desire on the part of banking institutions to control the unrestricted assumption of existing deeds of trust and the continuation of conceivably undesirable interest rates. However, in Virginia, we are not provided with the legislative history of the various enactments by the General Assembly. So, we have no way of determining in actual fact whether this statute was designed to protect

"unwary, unsophisticated or legally uninformed purchasers," or for the protection of the rather powerful banking interests in the Commonwealth, or for both such purposes. Whatever the impetus for this Code Section, it is a shame that it has been repealed for an unrecorded installment land contract is, for any number of reasons, a truly noxious document.

I will leave it open for plaintiffs' counsel and defendants' counsel to assign responsibility for the pressures which caused the demise of affordable interest rates.

Having, at excessive length, disposed of a non-issue, it would appear appropriate to discuss the real issue in this case. Neither party cited the Court to an appellate decision construing this Section, and I have not found any. Very little about this Section requires construction by the Court. It seems to me to be clear on its face. The term "contracts for the sale of improved residential real estate," when considered together with the definition of "residential real estate" which is included within the Section, very clearly would cover the contract involved in the case at bar. The contract very clearly does not comply with the requirements of § 11-2.3. The only question then is whether the contract does or does not "require completed performance within two years from the date of the execution of the contract." If it does, it is not voidable. If it does not, it is voidable by the buyer. The fact that the buyer did not void this contract until after the suit was brought is immaterial. Thus, the real issue in this case is the reasonable construction of the contract, not the construction of the statute.

The contract involved in the case at bar was executed on August 25, 1988, and specified a closing date of September 25, 1988. A "completed performance" of this contract would entail the payment of the purchase price to the seller by the buyer and the execution and delivery of a good and sufficient deed conveying marketable title to the buyer. The contract expressly provides for the extension of the closing date for sufficient time for the title to be searched and the documents prepared and for a "reasonable time" thereafter if such is necessary to correct defects in the title. The contract also is contingent upon the purchasers' ability to obtain financing. There is no time limit specified within which the purchaser

is to secure financing. This contract could be construed to have no time at all specified for performance. On the other hand, if the word "reasonable" is read into the time within which the parties must perform, this contract may very well require performance within two years. The contract involved in the case relied upon by defendants, *Frank v. Tipco Homes, Inc.*, 19 Va. Cir. 291 (1990), is substantially different from the one involved in the case at bar. The *Tipco* contract involved a construction-sale situation. The language contained in the various provisions governing the time within which the builder/seller was to perform was so broad that the seller virtually had no time limitations upon its performance. Given the language in that contract, it is difficult to quibble with Judge Fitzpatrick's decision.

The contract in the case at bar is not similar. There was no new house to be constructed, and there were no contingencies to benefit the seller. The sellers were allowed a reasonable time to correct any defects found by the title examiner, and there was the standard language allowing for any delay resulting from the failure of the lawyers to get the documents prepared or the title examined.

Normally, the construction of a contract is a matter of law. However, that is not always the case. *See* 4B M.J., *Contracts*, Section 53, and the multitude of cases cited therein. In the case at bar, the time for "completed performance," an issue which is critical to the proper application of § 11-2.3, is not definite. The question of the intent of the parties appears to be a factual one or maybe a mixed question of law and fact. In either event, the answer to the question will involve the trier of fact. In order for the defendants to void this contract, the trier of fact would have to find that the contract did not require completed performance within twenty-three months after the date established in the contract. It is my opinion that Rule 3:18 of the Rules of Court forecloses the disposal of this case at this point on a summary judgment basis.