## CIRCUIT COURT OF FAIRFAX COUNTY

Junk Sik Lim et al.

v.

Virginia Building Corp.

July 25, 1991

Case No. (Law) 101063

By JUDGE THOMAS S. KENNY

Plaintiffs seek to void a contract to Purchase Real Property pursuant to § 11-2.3 of the Virginia Code. Defendant seeks leave to file a counterclaim for lost profits on the resale of the property. Oral argument on Plaintiffs' Motion for Summary Judgment and Defendant's Motion to File a Counterclaim was heard on May 24, 1991. For the reasons stated below, summary judgment is granted and leave to file a counterclaim is denied.

The Lims entered a contract to purchase a lot on which Virginia Building Corporation ("VBC") was to build a house on or about April 17, 1989. They paid a $10,000 deposit, failed to secure financing for the purchase, and sued for the return of the deposit. VBC did not refund the deposit because it offered to finance the home for the Lims, but they refused. VBC asserted that the Lims were in default.

The Lims claim that the contract is voidable at their option pursuant to § 11-2.3 of the Virginia Code, which provides that:

> Contracts made on and after July 1, 1977, for the sale of improved residential real estate *which do not require complete performance within two years from the date of execution of the con-*

*tract,* shall be voidable at the option of the buyer unless such contract shall be (i) in such form as to be capable of being admitted to record under the provision of Chapter 6 (§ 55-106 et seq.) of Title 55 of the Code of Virginia; (ii) made in duplicate and a copy capable of being admitted to record furnished to the buyer; and (iii) contain the following statement: "This contract must be recorded in the general index of the clerk's office of the circuit court of ---- (city or county in which land is located) in order to protect the buyer from claims of subsequent purchasers of, or other persons obtaining an interest in, this real estate, or claims of judgment creditors, if any, of the seller."

The term "improved real estate" shall be deemed to include any land within a subdivision, a plat of which subdivision has been recorded pursuant to Article 7 (§ 15.1-465 et seq.) of Chapter 11 of Title 15.1 or prior statutory authority. (Emphasis added.)

The parties agree upon the genuineness of the contract, that it was entered into after July 1, 1977, and was for the sale of improved residential real estate. The contract does not satisfy the recording requirement of the Code, so the determinative question is whether the contract "require[s] complete performance within two years from the date of execution of the contract."

Completed performance is defined in the contract to occur at the time of settlement (Para. 6). The Lims make two arguments that the contract does not require complete performance, or settlement, in two years. The first involves an interpretation of the only part of the contract which mentions the settlement time. Paragraph 13 of the contract provides:

Construction is to be completed within 365 days from the day of acceptance thereof by the Seller, and following completion the Purchaser agrees to make full settlement for this property within fourteen (14) days after the mailing

of a notice from the Seller or agent to the Purchaser . . . .

No provision requires that the mailing of notice occur within two years from the date of execution of the contract. If notice was not mailed within two years, the contract might not be completed within the required two year period. While Paragraph 13 of the contract provides that construction is to be completed within one year, notice is not required upon completion, which leaves a date for complete performance uncertain.

The Lims also argue that other terms of the contract envision the possibility of settlement beyond the two year period. Paragraph 12 of the contract provides that the "time herein specified for full settlement by the Purchaser shall be extended for the period necessary" if title defects need perfection. The contract also provides for extension when a delay is caused by "circumstances beyond the control of the Seller" (Para. 11(a)).

The Lims cite *Frank v. Tipco Homes, Inc.,* 19 Va. Cir. 291 (1990), in which Judge Fitzpatrick held that a contract is voidable at the option of the buyer under Section 11-2.3 unless completed performance *must* occur within two years. VBC distinguishes the contracts involved.

VBC argues that Paragraph 13 fixes completion of the contract at 365 days after the buyer's acceptance. The *Tipco* contract, however, allowed for termination by the buyer if construction was not substantially complete within 270 days from the receipt of a written Mortgage commitment by the Seller. *Tipco* at page 293. Thus, VBC argues that its contract is definite because completion is not conditioned upon the Plaintiff obtaining financing. The date of acceptance starts the 365 day time limit for completion.

VBC's argument is not responsive to the statute's requirement or to the interpretation of that requirement in *Tipco*. The statute applies to contracts that "require *completed performance* within two years from the date of execution of the contract." (Emphasis added.) Paragraph 13 refers to the completion of "construction," but settlement is when performance is completed. Judge Fitzpatrick wrote that "completed performance [means] performed completely, i.e., full satisfaction of both sides' contractual

obligations." *Tipco* at p. 295. She then concluded, although the contract did not specify what constituted "completed performance" on the purchaser's part, that "settlement is . . . the pivotal moment when both parties will have completely performed their respective obligations." *Tipco* at p. 296. VBC's contract fixes settlement as the point when both parties have tendered performance by its own terms (Para. 6).

After Paragraph 13 requires construction to be completed within 365 days, it states that "following completion the Purchaser agrees to make full settlement for this property within fourteen (14) days after the mailing of a notice from the Seller or agent to the Purchaser . . . ." "Completion" must refer to completion of construction and not completion of the contract because the sentence goes on to require "full settlement" within fourteen days after notice to the buyer.

VBC admits that there is no requirement that the seller notify the buyer immediately upon completion of construction. If there was such a requirement, the contract might be construed as requiring complete performance within two years, however, to satisfy the requirement of the statute, a contract should include a date by which all defects must be cured or the deal is canceled. The contract must affirmatively obligate both parties to perform within two years of execution. The provisions postponing settlement to cure title defects or due to circumstances beyond the Seller's control affirm that, no matter what approach is taken, no construction of this contract requires completed performance within two years.

*Tipco* stated that if the result of applying § 11-2.3 as it is written "differs from the intended by the legislature then the law may be amended in due course." *Tipco* at p. 292. Judge Fitzpatrick's words strike a prophetic chord today because § 11-2.3 was repealed by the legislature, effective July 1, 1991. The statute applies to the contract before the Court, however, and the Court is bound by its clear language. The contract fails to require complete performance within two years and is, therefore, voidable at the option of the buyer under Va. Code § 11-2.3. The Lim's Motion for Summary Judgment is granted. VBC's Motion to File a Counterclaim is denied, and any such claim already filed is dismissed with prejudice.