Winterfield Corp.

v.

B. K. Pennington, Inc.

December 16, 1991

Case No. CH91–479

By Judge William R. Shelton

This matter came to be heard on November 7, 1991, on plaintiff's Bill of Complaint. In place of the trial scheduled for this day, the parties submitted a stipulation of facts for the Court's consideration and made their oral arguments. The parties have stipulated that, *inter alia*, the contract for the sale of the real property located in Salisbury Hills was entered into on or about October 11, 1988, that the sale was of Lot 13, and that closing on the sale was to occur 120 days following recordation of the subdivision plat when building lots became obtainable. It is further stipulated that at the time the contract was entered into, the subdivision plat had not been recorded but that roads had been rough cut and the lots had been staked.

On or about February 11, 1991, the defendant, by counsel, advised the plaintiff that they were exercising their rights under Virginia Code § 11–2.3. This litigation followed.

Section 11–2.3 allows a purchaser to void "contracts . . . for the sale of improved residential real estate which do not require completed performance within two years from the date of execution of the contract . . . ." By their stipulation of facts, the parties have asked this Court to determine (1) whether the property is "improved real estate"; (2) whether Virginia Code §11–2.3 is applicable to the contract for the purchase of the property; and (3) whether the plaintiff has suffered any damage.

The main issue in their dispute is whether or not the real estate is improved. The Virginia Supreme Court has provided some assist-

ance in determining what constitutes "improved." The Virginia Supreme Court has written that "[t]he word 'improvement' is a comprehensive term, which includes in its meaning any development whereunder work is done and money expended with reference to the future benefit or enrichment of the premises." *Eppes v. Eppes*, 181 Va. 970, 988, 27 S.E.2d 164, 172 (1943). The Court further indicated that "improvement" was not limited to buildings or structures physically located upon the land but also included any improvement on, in, or under the streets or easements for the betterment, use, and enjoyment of the lots . . . . *Id.*

In the case at bar, the parties have stipulated that as of the date of the contract, the roads in Salisbury Hills had been rough cut and the lots had been staked. In light of the above definition of "improvement" and based on this stipulation, the Court finds that the land involved in this dispute was improved real property at the time the parties entered into the sales contract.

In regards to the second issue presented by the parties, it is well settled in Virginia that the rights of the parties to a contract are determined by the law in effect at the time the contract was entered into. *Paul v. Paul*, 214 Va. 651, 653, 203 S.E.2d 123 (1974), *citing, Citizen Mutual Building Assoc. v. Edwards*, 167 Va. 399, 189 S.E. 453 (1937). While Virginia Code § 11–2.3 has since been repealed, it was in effect on October 11, 1988.

Further, it is the opinion of this Court that the plain language of the sales contract did not require the contract to be fully performed within two years. The parties were simply to close within 120 days following the recordation of the subdivision plat. There was no time set for such a plat to be recorded. Therefore, closing could have taken place well beyond the two-year period as required in § 11–2.3.

The real estate was also residential. It is the clear import of the stipulation of facts that since the sale was of Lot 13, contingent upon the recordation of the subdivision plat and that the plat was actually recorded on December 19, 1988, the parties intended at all times to be dealing with residential real property. It is therefore the opinion of the Court that all the elements of Section 11–2.3 have been satisfied, and therefore, this Code section is applicable to the present contract.

Having found that the property was improved and that Virginia Code § 11–2.3 is otherwise applicable, the Court is of the opinion that the defendant had the right to void the contract pursuant to

Virginia Code § 11–2.3. The defendant therefore has not breached its contract, and thus, the plaintiff has sustained no recoverable damages.