## CIRCUIT COURT OF FAIRFAX COUNTY

Snider et al.

v.

Goodman Homes et al.

### March 19, 1992

### Case No. (Law) 103044 and (Chancery) 121979

BY JUDGE J. HOWE BROWN

This matter is before the Court on the Sniders' Motion for Summary Judgment. After hearing oral argument, the Court took the case under advisement to consider the memorandums submitted and relevant law. Goodman Homes has raised several arguments in response to the Sniders' claim that they lawfully voided a sales agreement to buy a home. The Court will address each concern in turn.

### I. *Facts*

The Sniders initially contracted with Goodman Homes for the sale and construction of a new home by Goodman Homes in July, 1989. The parties executed various addenda to the Agreement up until December, 1989. According to Goodman Homes, construction on the home was substantially completed in December, 1990, and settlement was set for December 17, 1990. On December 12, 1990, however, the Sniders gave notice that they were terminating the Agreement pursuant to Code § 11–2.3. That section provides that certain contracts which do not require completed performance within two years must comply with various other requirements or else they may be voided at the option of the buyer. The parties'

agreement did not meet the latter requirements. The Sniders' suit to gain the return of their deposit was filed in February 1991.

## II. *Repeal of the Statute*

Section 11–2.3 was repealed by the General Assembly effective July 1, 1991. Goodman Homes argues that the repeal bars and the savings statute in Code § 1–16 does not save the Sniders' action, since remedial rights such as were conferred by § 11–2.3 are lost if not reduced to judgment prior to repeal. Goodman Homes contends that § 11–2.3 provided a buyer with no substantive rights which would endure past the repeal, as the section did not give a buyer any additional contract rights.

Unless there is a savings clause for pending suits, the rights depending on a statute and still inchoate, not perfected by final judgment or reduced to possession, are lost by the repeal or expiration of the statue. *See Brown v. Western State Hospital*, 110 Va. 321, 328 (1909). Code § 1–16 saves substantive claims and rights from the effect of the above rule. *See Coal Company v. Pannell*, 203 Va. 49, 54 (1961). Section 1–16 provides, in relevant part, that no new law shall be construed to repeal a former law as to any right accrued or claim arising from the former law. Substantive rights are those which deal with the creation of duties, rights and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights. *Shiflet v. Eller*, 228 Va. 115, 120 (1984).

The Court finds that § 11–2.3 gave a home buyer not only a remedy, but also created a right for that buyer to have a contract which conformed to the requirements set forth in that section or else have the option to void the contract. That the statute also provided for a remedy for such buyers who had contracts without those requirements does not defeat the substantive contract rights conferred by that section. The repeal of the statute after the Sniders' right accrued and after suit was filed to enforce this claim thus does not bar the Sniders' action. *See also Winterfield Corp. v. B. K. Pennington, Inc.*, 26 Va. Cir. 153 (1991).

## III. *The Applicability of § 11–2.3*

Goodman Homes next contends that the Sniders and the land they were purchasing do not fall within the scope of § 11–2.3, as limited

by its legislative history and other principles of statutory construction. According to a report of the Virginia Housing Study Commission, the purpose behind the enactment of the statute was to increase protection for low and low to moderate income level buyers of homes on contract. *See 1976 Report of the Virginia Housing Study Commission*, House Del. Doc. No. 5 (1977) at 7. Goodman Homes argues first that the Sniders were not the unsophisticated buyers of homes on contract which the statute was designed to protect, and second that the lot they contracted for was not improved residential real estate at the time of execution of the contract.

Goodman Homes cites two decisions in which a court has determined that a particular plaintiff and land did not fall within the statutory class as contemplated by the legislative history *and* the specific words of the statute: *Goodman Homes v. Denis, et al.*, At Law No. 106677, Fairfax County Circuit Court (Transcribed Bench Ruling dated Nov. 7, 1991); and *Glenwood Construction Co., Inc. v. The Drees Co.*, 22 Va. Cir. 370 (1991). Both of these decisions are clearly distinguishable from the case at bar, as they involved developers of land, as opposed to consumer home buyers, who purchased "raw" land for the purpose of the *buyer* constructing homes on that land.

The court may not resort to legislative history and extrinsic facts to interpret words in a statute whose meaning is clear. *See Brown v. Lukhard*, 229 Va. 316, 321 (1985); *Marsh v. City of Richmond*, 234 Va. 4, 11 (1987). According to the terms of § 11–2.3, the statute applies to "buyers of improved residential real estate." The term "improved residential real estate" may include any land within a subdivision, a plat of which subdivision has been recorded. Code § 11–2.3. Under the facts established in this case, the court finds that the statute as enacted is applicable to the Sniders. The Sniders were the purchasers of a lot upon which a home was to be constructed for them by Goodman Homes. The legislative history does not contradict and cannot limit the clear language of the statute in this particular fact situation.

Additionally, the court finds that the Sniders were buyers of "improved real estate" within the contemplation of the statute. Goodman Homes argues that the lot upon which the house was to be built, Lot 4C, was not in existence at the time of contracting in July 1989. In July, the Sniders agreed to purchase Lot 14A. By an addendum executed in December 1989, the lot was changed to lot 4A. Accord-

ing to Goodman Homes, the subdivision plat for that lot was not recorded until May 25, 1990, when five lots, including Lot 4C, were resubdivided from the existing lots 3 and 4 in the subdivision. This recordation of a plat of resubdivision is a distinction without meaning. Recordation of the specific lot in a subdivision plat is not the only basis to constitute improved residential real estate. *See, e.g., Winterfield Corp. v. B. K. Pennington, Inc., supra* (property is "improved" when roads had been rough cut and lots staked, notwithstanding a failure to record before execution of contract). Since the parties changed the lot upon which the home was to be built in December with reference to a specific lot number, and since the contract was initially made with reference to construction of a home on improved real estate, the court finds that the contract in this case was for the sale of "improved residential real estate" as contemplated by the statute.

## IV. *Timing*

Goodman Homes essentially makes three arguments with respect to timing. First, they contend that the Sniders did not timely exercise their right to void the contract because the house was substantially completed by that date. The basis for their argument is that the purpose of the statute in protecting home buyers has been accomplished once the house has been completed. Second, Goodman Homes argues that the statutory term "required completed performance" is ambiguous; their interpretation of the term is that the two year time frame should be measured from the date of avoidance. Finally, they state that it is a question of fact whether the contract actually required completed performance within two years, citing sections 5(a), 9, and 25 of the contract.

With respect to the first argument, this Court has already determined that there is no time limit in § 11–2.3 setting forth a date certain by which a purchaser must declare the contract void. *See Purvis et al. v. Century Oak SFD General Partnership*, 23 Va. Cir. 82 (1991). "Required completed performance" means "performed completely," *i.e.*, full satisfaction of both sides contractual obligations. *Frank v. Tipco Homes*, 19 Va. Cir. 291, 295 (1990). Paragraph 25 of the parties agreement defines what constitutes good and sufficient tender of performance by the parties. Moreover, the statute itself defies Goodman Homes' interpretation of the date from which

the two year time period for required completed performance should be measured: completed performance must be required "within two years *from the date of execution of the contract*." *See* Code § 11–2.3.

With respect to the final argument concerning timing, the Court finds that the Agreement here did not affirmatively require completed performance within two years. Paragraph 14 of the contract, entitled "Delays", specifically provides otherwise, as it gives the seller additional time to complete performance for certain delays. For instance, the seller is given an extra 365 days to complete the project beyond the time for which public utilities may become available. For certain other causes of delay, the seller may extend the time for substantial completion with no affirmative cap for periods of time equivalent to the time lost by reason of the cause of delay. There is no provision in the contract which affirmatively requires completed performance to occur within two years. *See generally Tipco Homes*, 19 Va. Cir. at 296.

## V. *Equitable Defenses and Counterclaims*

Goodman Homes has raised claims of estoppel and waiver in defense to the Sniders' claim. Specifically, they argue that these defenses preclude the Sniders from exercising their right to void the contract. Goodman Homes has also affirmatively pleaded causes of action for fraud.

Waiver, a doctrine at law, is voluntary action or inaction with intent to surrender a right *in esse* with knowledge of the facts and circumstances which gave birth to the right. *Employers Ins. Co. v. Great American*, 214 Va. 410, 412 (1973). Estoppel, as a doctrine in equity, is the consequence worked by operation of law which enjoins one whose action or inaction has induced reliance by another from benefitting from a change in his position at the expense of the other. *Id.* Under the doctrine of "estoppel by inconsistent positions," a party is estopped to assert an inconsistent position to the prejudice of another who has been led to rely on his initial position. *Id.* at 413.

Summary judgment is appropriate only where there are no material facts in dispute and it appears that the moving party is entitled to judgment based on the pleadings, orders and admissions. Rule 3:18, Va. Sup. Ct. The court finds, without deciding the merits of the claims, that the issues of estoppel, waiver and fraud raise questions of fact surrounding the Sniders' course of conduct and dealing with

respect to transaction, which precludes entry of the Sniders' Motion for Summary Judgment. For this reason, the motion is denied.