## CIRCUIT COURT OF FAIRFAX COUNTY

P. Brooks Joseph

v.

Giant Food, Inc.

February 7, 2003

Case No. (Law) 206527

BY JUDGE STANLEY P. KLEIN

Plaintiff, P. Brooks Joseph, seeks to nonsuit her case against Defendant, Giant Food, Inc. ("Giant"). Giant opposes the entry of a nonsuit asserting that Joseph is not entitled to a nonsuit under Virginia Code § 8.01-380 as a result of the case's procedural history in the Fairfax County General District Court ("GDC").[1] Upon consideration of Joseph's Motion for Nonsuit, the briefs filed in support of and in opposition thereto, and the oral arguments of counsel, the Motion for Nonsuit is granted for the reasons that follow.

### I. *Background*

On September 25, 2001, Joseph filed a Warrant in Debt against Giant in the GDC for a claim arising out of a slip and fall accident. The case was dismissed without prejudice due to Joseph's failure to appear for trial on October 25, 2001. Joseph subsequently re-filed her case in the GDC. A trial was held, and a verdict was entered in favor of Giant. Joseph timely perfected her appeal of the verdict to the Fairfax County Circuit Court ("Circuit Court"), and a trial date was set for January 14, 2003. On January 7, 2003, one week

---

[1] As the procedural background to this case is unusually complex, only the relevant portions of the case's procedural history will be addressed in this opinion letter.

before trial, Joseph filed a Motion for Nonsuit pursuant to Va. Code § 8.01-380.

The parties appeared before this court on January 10, 2002, for oral argument. Joseph argued she was entitled to a nonsuit once as a matter of right under Va. Code 8.01-380(B) as no nonsuit had previously been taken. Giant responded that Joseph is not entitled to a nonsuit because (1) her case was previously submitted to the GDC for decision and (2) the prior case's dismissal without prejudice in the GDC was equivalent to a nonsuit; thus Joseph's one nonsuit as a matter of right had already been taken.

## II. *Analysis*

### A. *Effect of Submission for Decision in GDC*

Giant initially contends Va. § 8.01-380(A) statutorily bars Joseph from taking a nonsuit in Circuit Court because her case has already been submitted to the GDC for decision. Va. Code § 8.01-380(A) provides that:

> [a] party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar *or before the action has been submitted to the court for decision.*

Va. Code § 8.01-380(A) (emphasis supplied).

Giant acknowledges that appeals of final judgments from the GDC to the Circuit Court are *de novo* appeals[2] but contends that, because the Circuit Court's jurisdiction is derivative in nature, a plaintiff cannot "avoid the jurisdictional limits" of the GDC on appeal. Hence, Giant reasons, a plaintiff who appeals a final judgment to the Circuit Court is bound by the jurisdictional limits of the GDC and therefore cannot nonsuit his or her case in Circuit Court because the case was already submitted to the GDC for decision. The court disagrees.

"The primary objective of statutory construction is to ascertain and give effect to legislative intent." *Commonwealth v. Zamani*, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). When the language of a statute is clear and unambiguous, a court may consider only the words of the statute to determine its meaning. *Hubbard v. Henrico, Ltd. Partnership*, 255 Va. 335, 339, 497

---

[2] See Va. Code § 16.1-106.

S.E.2d 335, 339 (1998). "The legislature's intent must be determined from the words used, unless a literal construction would yield an absurd result." *Ragan v. Woodcroft Village Apartments*, 255 Va. 322, 325-26, 497 S.E.2d 740, 742 (1998) (citations omitted). "A statute is not to be construed by singling out a particular phrase; every part is presumed to have some effect and is not to be disregarded unless absolutely necessary. *Zamani*, 256 Va. at 395, 507 S.E.2d at 609 (citations omitted). "When two statutes seemingly conflict, they should be harmonized, if at all possible, to give effect to both." *Id.* (citation omitted). "Thus, when the legislature has used words of a clear and definite meaning, the courts cannot place on them a construction that amounts to holding that the legislature did not intend what it has actually expressed." *Hubbard*, 255 Va. at 339, 497 S.E.2d at 339 (citation omitted).

Virginia Code §§ 16.1-106 and 16.1-113 govern appeals of civil proceedings from the GDC to the Circuit Court.

Section 16.1-106 provides:

> From any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars, exclusive of interest, any attorney's fees contracted for in the instrument, and costs, . . . there shall be an appeal of right, if taken within ten days after such order or judgment, to a court of record. Such appeal shall be to a court of record having jurisdiction within the territory of the court from which the appeal is taken.

Va. Code § 16.1-106.

Section 16.1-113 provides:

> Every such appeal shall be tried by the court in a summary way, or, if the amount in controversy exceeds fifty dollars, by a jury if either party requires it. *All legal evidence produced by either party shall be heard, whether or not it was produced before the court from which the appeal is taken.*

Va. Code § 16.1-113 (emphasis supplied).

The plain meaning of these code sections provides a plaintiff a new trial upon an appeal to the Circuit Court. Section 16.1-106 grants an appeal of right if timely filed, and § 16.1-113 grants authority for the judge or, if required by either party, a jury to make a determination based upon evidence, whether or not that evidence was offered in the district court. The only limitations placed

on a party in appealing to the Circuit Court are that the appeal be from an order or judgment of a court not of record and that it be timely made.

The Supreme Court of Virginia has confirmed the plain meaning of § 16.1-106. "This statute gives the parties a trial *de novo* in the Circuit Court. The purpose of this two-tier trial system is to allow a party aggrieved by a final judgment of the general district court to have the case tried again by the Circuit Court as if the case originally had been instituted there. Such an appeal is in effect a statutory grant of a new trial, in which the perfected appeal *annuls the judgment of the district court as completely as if there had been no previous trial.*" *Ragan v. Woodcroft Village Apartments*, 255 Va. 322, 327, 497 S.E.2d 740, 742 (1998) (citations omitted) (emphasis supplied); see also *Gemmell v. Svea Fire, etc., Ins. Co.*, 166 Va. 95, 99, 184 S.E. 457, 458 (1936) ("The right of the plaintiff to take a nonsuit or a dismissal of his suit extends to the appellate court on appeal from a decision of a magistrate and trial *de novo*.") (citation omitted).

Having timely perfected her appeal from the judgment entered against her in the GDC, Joseph is entitled to a new trial in Circuit Court. Upon such a trial in the Circuit Court, all rulings and judgments rendered by the GDC are completely null and void and of no legal consequence. As such, Joseph is not statutorily barred by § 8.01-380(A) from taking a nonsuit of her case upon her appeal to the Circuit Court, even if the case was in fact "submitted to the [GDC] for decision."

B. *Comparison of a Dismissal Without Prejudice to a Nonsuit*

Giant contends a dismissal without prejudice is equivalent to a nonsuit, and as Joseph's prior case was dismissed without prejudice in the GDC, she is not entitled to an additional nonsuit as a matter of right under Virginia Code § 8.01-380(B). That section provides:

> Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right, although the court may allow additional nonsuits or counsel may stipulate to additional nonsuits. The court, in the event additional nonsuits are allowed, may assess costs and reasonable attorneys' fees against the nonsuiting party.

Va. Code § 8.01-380(B).

Giant's position is not supported by a plain meaning reading of the statute. See *Connor v. Rose*, 252 Va. 57, 58, 471 S.E.2d 478, 479 (1996). The

language of § 8.01-380(B) refers only to nonsuits, not dismissals. If the General Assembly had intended for a dismissal without prejudice to bar a plaintiff from subsequently seeking a nonsuit as a matter of right, the language of the statute would have reflected this intent. "When interpreting statutory language, [a court] must assume that the legislature chose with care the words it used and, where it includes specific language in one section but omits that language from another section, [a court] presume[s] that the exclusion of the language was intentional." *7-Eleven, Inc. v. Department of Environmental Quality*, 39 Va. App. 377, 397, 573 S.E.2d 289, 299 (2002) (citations omitted).

In fact, a dismissal without prejudice is distinct from a nonsuit, as evidenced by Va. Code § 8.01-229(E), the statute governing the tolling of statutes of limitations. Section 8.01-229(E)(1) provides as follows:

> If any action is commenced within the prescribed limitation period and for any cause abates *or is dismissed without determining the merits*, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va. Code § 8.01-229(E)(1) (emphasis supplied).

This subsection, pertaining to dismissals without prejudice, allows a plaintiff to refile only within the remaining statute of limitations period. *Gilbreath v. Brewster*, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995). To the contrary, § 8.01-229(E)(3), governing nonsuits provides:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and *the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation . . . whichever period is longer*.

Va. Code § 8.01-229(E)(3) (emphasis supplied).

In contrast to a dismissal without prejudice, under § 8.01-229(E)(3), when a case is nonsuited, the plaintiff is provided an additional six months from the date of entry of the nonsuit to refile. This distinction between the applicable statutes of limitations reveals a legislative intent to differentiate between a dismissal without prejudice and a nonsuit.

The Supreme Court of Virginia has recognized this distinction. In *McManama v. Plunk*, 250 Va. 27, 32, 458 S.E.2d 759, 761-62 (1995), the Supreme Court distinguished between dismissals without prejudice and nonsuits. The Court reversed a trial court's decision that treated a nonsuit as a motion to dismiss for purposes of applying the appropriate statute of limitations period. The Supreme Court held that the trial court erred in ruling that an order granting the plaintiff a voluntary nonsuit had the "limited effect of being a dismissal order" so that the plaintiff was not entitled to the six-month statute of limitations extension for nonsuits under Virginia Code § 8.01-229(E)(3). *Id*. The Court's ruling in *McManama* further establishes that the General Assembly intended to distinguish between dismissals without prejudice and nonsuits.

Giant's reliance on *Chatman v. Nowell's Auto & Truck Repair*, 27 Va. Cir. 232 (Prince William County 1995), is misplaced. In *Chatman*, the Circuit Court denied the motion to nonsuit because the plaintiff had already nonsuited the case in the GDC. Here, Joseph has not previously nonsuited the case in the GDC; the GDC dismissed the case without prejudice. As no prior nonsuits have been taken in this case, Joseph's claim for a nonsuit as a matter of right is proper under § 8.01-380(B).

### III. *Conclusion*

As Joseph is entitled to a *de novo* appeal in the Circuit Court and is entitled to one nonsuit as a matter of right, her Motion for Nonsuit is granted.