# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Nancy Peck

v.

Riverside Hospital,
Inc., *et al.*

### Case No. CL1400873V-04

By Judge H. Vincent Conway, Jr.

### August 5, 2014

This cause came on for hearing before the Court as noticed on Defendant Riverside Hospital, Inc.'s Motion To Quash Subpoena Duces Tecum and for Protective Order by Special Appearance and on Patient's Motion To Enforce Va. Code § 8.01-413(C) Subpoena Duces Tecum and HIPAA/ HITECH, and was briefed and argued without evidence by counsel for Riverside and Patient; and it is, therefore, ordered that Riverside's Motion To Quash Subpoena Duces Tecum is denied and that Patient's Motion To Enforce is granted, as follows:

1. The Court is not convinced that Riverside's 8/2/13 Risk Management Worksheet (a/k/a "Quality Care Control Report"), 8/26/13 Root Cause Analysis Report, 8/23/13 Apparent Cause Analysis Report, and 8/2/13 Causes and Coding Worksheet are a product of protected committee work; the claimed Va. Code § 8.01-581.17 privilege is denied as to those documents; and they are to be produced without redaction within ten days of hearing or by July 3, 2014; and

2. Riverside shall provide Patient within twenty-one days of hearing or by July 14, 2014, the IT-created read-only electronic file of Patient's medical record in its computer system that supports, confirms, parallels, matches, and provides the exact unmodified understandable substance of and documentation for each activity transaction in Riverside's 7/1/13 to 4/15/14 Activity by Medical Record (a/k/a "Audit Trail") previously provided Patient by Riverside, including all text edited and all pages or documents that were inserted, replaced, deleted, merged or split, and Patient shall reimburse Riverside for its cost of providing the same.

538

And it is further ordered that Riverside's Motion for Protective Order is granted and that Patient's medical record in the case file shall not be revealed, transferred, or disseminated to anybody outside of this litigation, *i.e.*, other than to counsel, parties, experts, and witnesses.

## May 19, 2015

This cause came on for hearing as noticed on April 21, 2015, on Defendant Riverside Healthcare Association, Inc.'s Plea in Bar, on Defendant Sunny Freeman, R.N.'s Demurrer to Allegations of Willful and Wanton Negligence, Recklessness, and Gross Negligence, on Defendant "Connie Kim, N.P."'s Plea in Bar, on Defendant "Mallory Rusk, R.N."'s Plea in Bar, on Plaintiff's Motion for Lift of Protective Order, on Plaintiff's Motion To Compel Discovery against Defendants, and on Plaintiff's Second Motion To Compel Discovery against Defendants; it was briefed and argued by the parties; and it is ordered that Defendant Riverside Healthcare Association, Inc.'s Plea in Bar is denied, with leave to refile after discovery; and it is further ordered that Defendant Sunny Freeman, R.N.'s Demurrer to Allegations of Willful and Wanton Negligence, Recklessness, and Gross Negligence is denied, as there is sufficient foundation for punitive damages if all of the facts in the Amended Complaint are assumed to be correct; and it is further ordered that Defendant "Connie Kim, N.P."'s Plea in Bar is denied; and it is further ordered that Defendant "Mallory Rusk, R.N."'s Plea in Bar is denied; and it is further ordered that Plaintiff's Motion for Lift of Protective Order is granted as to Riverside's 8/2/13 Risk Management Worksheet (a/k/a "Quality Care Control Report") (Ex. 1), Riverside's 8/26/13 Root Cause Analysis Report (Ex. 2), Riverside's 8/23/13 Apparent Cause Analysis Report (Ex. 3), and Riverside's 8/2/13 Causes and Coding Worksheet (Ex. 4), since they are individual comments and conclusions and not the product of peer review committee, and as to all other Patient's medical record referenced in the 6/23/14 "Privilege" Hearing Order; and it is further ordered that Defendants' Objections are overruled in part and granted in part, and that Plaintiff's (First) Motion To Compel Discovery against Defendants is granted in part and denied in part, as follows as to each Interrogatory ("I"), Request for Production ("RP"), and Request for Inspection ("RI"):

1. I&RP 1: Defendants shall answer and respond as to the Requests for Admission information and materials sought, with "and/or future" deleted from the Interrogatory;

2. I&RP 2: Defendants shall answer and respond as to the patient health care and other information and materials sought, except for "home address";

3. I&RP 3: Defendants shall answer and respond as to the billing/ payment/ write-off/ write-down information and materials sought, except for "home address";

4. I&RP 5: Defendants shall answer and respond as to the expert publications information and materials sought, according to court rules;

5. I&RP 6: Defendants shall answer and respond as to the name and home address of any individual Defendants who have reason to believe or knows about occurrences, damages, or facts underlying this action, and as to the materials sought, with "case-related" information deleted from the Interrogatory and "case-related" deleted from the Request for Production;

6. I&RP 7: Defendants shall answer and respond as to the observers/ treaters/ carers/ charters/ data-enterers information and materials sought, with "and/or otherwise recorded" deleted (but with leave to Plaintiff to return to Court as to the aforesaid deletion);

7. I&RP 8: Defendants shall answer and respond as to the information and materials sought about patient/ family hospital/ personnel communications information and materials known to Defendants;

8. I&RP 9: Defendants shall answer and respond as to the patient assignment number/ acuity census information and materials sought, without identifying information as to other patients;

9. I&RP 10: Defendants shall answer and respond as to the personnel license/ certification/ privilege/ practice denial/ revocation/ suspension/ restriction and/ or discipline/ reprimand/ remediation/ censure information and materials sought "under seal" to the Court for *in camera* review and inspection/ examination by counsel while under seal, except the Written Warnings information and materials as to Registered Nurse and Unit Clerk referenced in Ex. 2 (Riverside's 8/26/13 Root Cause Analysis) shall be produced directly to Plaintiff;

10. I&RP 11: Defendant shall answer and respond as to the witness testimony and expert reports/ disclosure information and materials sought, only for nurses, nurse practitioners, nurse assistants, and nurse aides who attended Plaintiff;

11. I&RP 12: Defendants shall answer and respond as to the portable bed alarm information and materials sought on a hospital-wide basis and as to the fixed/ built-in alarm information and materials sought only for the Plaintiff's actual bed or, alternatively, for a substantially similar exemplar bed;

12. I&RP 13: Defendant shall answer and respond as to the computer database and other hospital records/ papers information and materials sought by supplementing their prior production of unredacted Ex. 1 (8/2/13 Risk Management Worksheet, a/k/a "Quality Care Control Report"), Ex. 2 (8/26/13 Root Cause Analysis Report), Ex. 3 (8/23/13 Apparent Cause Analysis Report), and Ex. 4 (8/2/13 Causes and Coding Worksheet);

13. I&RP 14: Defendants shall answer and respond as to the then-current hospital/ nursing/ physician/ other standards/ criteria/ guidelines/ directives/ policies/ procedures/ protocols information and materials sought for the enumerated "fall risk"/ falls topics as to Plaintiff;

540

14. I&RP 15: Defendants shall answer and respond fully as to the enumerated 8/2/10 to 8/2/13 presenters/ "fall risk"/ falls grand rounds, orientation, preceptorship, in-service, skills fair, staff development instruction, computer-based learning modules, nursing schools, and other clinical teaching information and materials sought, based on representations of counsel it is not more than ten people in his past experience with Riverside;

15. I&RP 16: Defendant shall answer and respond as to the enumerated JCAHO accreditation/ standards/ criteria/ requirements/ preparers/ approvers/ custodian repository/ preparations/ submissions/ displays/ productions information and materials sought;

16. I&RP 17: Defendant shall answer and respond fully as to the then-current Riverside School of Professional Nursing and the Riverside School of Practical Nursing instructors/ "fall risk"/ falls information and materials sought;

17. I&RP 18: Defendant shall answer and respond fully as to the various "fall risk"/ falls educational completion information and materials sought, only for the nurses, nurse practitioners, nurse assistants and/or nurse aides who attended Plaintiff;

18. I&RP 19: Defendant shall answer and respond as to the 8/2/10 to 8/2/13 bed alarms/ rails/ sitter/ restraints/ other "fall risk"/ falls interventions/ problems/ complaints/ remediation information and materials sought;

19. I&RP 20: Defendant shall answer and respond as to the 8/2/10 to 8/2/13 bed alarms/ rails/ sitter/ restraints/ other "fall risk"/ falls interventions/ injuries/ claims/ demands/ suits/ proceedings information and materials sought;

20. I&RP 32(A-J): Defendants shall respond by producing and/or making available for on-site inspection and photographing at the hospital and at the nursing schools all beds, alarms, and armbands/ stickers/ magnets/ placards/ forms materials sought; and

21. RI 1(A-J): Defendants shall respond by producing and/or making available for on-site inspection and photographing at the hospital and at the nursing schools all beds, alarms, and armbands/ stickers/ magnets/ placards/ forms materials sought;

And it is further ordered that Defendants' Objections are overruled in part and granted in part and that Plaintiff's Second Motion To Compel against Defendants is granted in part and denied in part, as follows:

1. I 21: Defendants shall answer fully as to the Unit Clerk identification/ employment/ education/ training/ certification/ licensure information sought by Plaintiff;

2. RP 21(A): Defendants shall respond fully as to the Unit Clerk license/ resume/ CV/ education/ training/ certification/ licensure materials sought by Plaintiff, but eliminate information concerning Social Security number or any secret number contained on her license; and

3. RP 21(B): Defendants shall respond fully as to the counseling/ remediation/ discipline materials sought to the Court "under seal" for *in camera* review, and counsel will be invited to meet with the Court to the extent there is factual information or information not having to deal with a review committee and before that information is taken out from under seal, except the Written Warnings information and materials as to Registered Nurse and Unit Clerk referenced in Ex. 2 (Riverside's 8/26/13 Root Cause Analysis) shall be produced directly to Plaintiff;

And it is further ordered that Defendants shall answer, respond, and tender as aforesaid, as follows:

1. Interrogatories: Defendants shall answer by May 21, 2015, except as to No. 4, *supra*;

2. Requests for Production: Defendants shall respond by May 21, 2015, except as to No. 4, *supra*; and

3. Requests for Inspection: Defendants shall make available for inspection at a mutually convenient time by June 21, 2015.

BY JUDGE GARY A. MILLS


## October 2, 2015

This day came the parties, by counsel, upon Plaintiff's Motion To Compel Depositions of Riverside Defendants' Instructor Personnel and Defendants' Opposition thereto, and argument was heard. Upon consideration whereof and it appearing to the Court that the Plaintiff is entitled to take the depositions of Riverside Defendants' Instructor Personnel, it is adjudged, ordered, and decreed that Plaintiff's counsel is allowed to take the depositions of Riverside Defendant's Instructor Personnel.


## October 5, 2015

This matter comes before the Court upon Defendants Riverside Hospital, Inc., and Riverside Healthcare Association, Inc.'s Motion for Determination of Applicability of Virginia Medical Malpractice Act. They ask the Court to determine whether the Virginia Medical Malpractice Act ("the Act") applies to two particular allegations in Plaintiff's Second Amended Complaint, namely paragraphs 31 and 32. In the former, Plaintiff has alleged that the Act does not apply because one of the Defendants, Virginia Dilday, is an unlicensed "unit clerk." In the latter, she alleges that her claim of inadequate staffing is not covered by the Act pursuant to the Supreme Court of Virginia's opinion in *Alcoy v. Valley Nursing Homes, Inc.*, 272 Va. 37 (2006).

For the reasons stated below, it is the Court's opinion that it would be premature to determine factual matters related to the exact status of Ms.

Dilday's employment at this time, and I will defer my decision on that issue until it is ripe. However, it is also my opinion that the second allegation presents a pure matter of law and that Plaintiff's claim of inadequate staffing falls within the Act, notwithstanding *Alcoy*. I will adopt the arguments of the Defendants as my reasoning, both as raised in briefing and made orally before the Court.

As to the first argument, whether Virginia Dilday is subject to the Virginia Medical Malpractice Act, which is the primary dispute between the parties at this time, is a factual one. Counsel for Plaintiff did not argue that Virginia Dilday is not covered by the protections of the Act merely because she is unlicensed, but rather because she is unlicensed and because he believes her alleged employer also does not fall within the definitions of the Act. Likewise, counsel for the Defendants did not argue that were those two things both true, the Act would apply; rather, that the matter of Ms. Dilday's employment, and her status as a "health care provider" are conceded in pleadings. Counsel for Plaintiff argued that Riverside Healthcare Association, Inc., was Dilday's employer, and that Riverside Healthcare Association, Inc., is not a covered entity under the Act. Defendants claim that Virginia Dilday is an employee of a covered entity, Riverside Hospital, Inc.

Neither party put forth any evidence on this point. I do not find that the matter has been conceded by the pleadings, or any amendment thereto, and, therefore, in an absence of evidence, I must defer this determination until trial.

The second argument presents an issue of statutory interpretation. Statutory interpretation is a pure question of law. *Bates v. Commonwealth*, 287 Va. 58, 63 (2014); see also *Alcoy v. Valley Nursing Homes, Inc.*, 272 Va. 37, 41 (2006).

The Court is asked to determine whether a cause of action for negligence based upon an allegation of inadequate staffing falls within the Act's definition of "malpractice" found in Virginia Code § 8.01-581.1. That definition provides that the definition of malpractice means "any tort action or breach of contract action for personal injuries or wrongful death, based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." Va. Code Ann. § 8.01-581.1. Several of the terms used in this definition are terms of art which themselves are further defined within the Code, such as "health care," which is defined as "any act, professional services in nursing homes, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical diagnosis, care, treatment or confinement." As used in the definition of "malpractice," however, "professional services" is not further defined.

The Supreme Court of Virginia addressed the scope of the definition of "malpractice" in *Alcoy v. Valley Nursing Homes, Inc.*, 272 Va. 37 (2006), which is cited in Plaintiff's Second Amended Complaint in paragraph 32. The plaintiff's decedent in that case had been assaulted by an unknown assailant, allegedly due to the nursing home's negligence in ensuring that the facility was adequately staffed and secured. The parties had argued that the source of the duty alleged should be the determining factor. The plaintiff said the duty arose out of the defendant's failure to protect the plaintiff from harm, and not from medical treatment or care. The defendant responded that the duty "arose from the patient-health care provider relationship."

The Supreme Court chose instead to focus on the nature of the breach, rather than the duty, and the standard of care. *Alcoy* requires a court to ask whether the "malpractice" complained of breached a standard of care to an individual patient, relating to that individual's care or to the facility as a whole. *Alcoy*, 272 Va. at 42. In essence, the assault in *Alcoy* could have happened to any one of the facility's residents; the breach was with respect to a standard of care that applied equally to each of the patients, but happened to cause damage to only one.

In this case, the breach alleged is that the Plaintiff was permitted or required to go to the bathroom on her own when she should not have gone on her own. Not all patients are incapable of taking themselves to the restroom; this particular patient was not capable of doing so, and, therefore, the Defendants allegedly breached a standard of care particular to her. The fact that a staff member called from work may have been a contributing cause of the breach does not in itself serve to remove the claim from the purview of the Act, nor did Alcoy intend for it to.

If I were to read Virginia Code § 8.01-581.1 and *Alcoy* as the Plaintiff directs, a medical malpractice claim would not fall under the medical malpractice cap any time a plaintiff invoked "inadequate staffing." The General Assembly could not have intended this illogical result.

The Plaintiff urges that the Act is in derogation of the common law, and, therefore, it must be strictly construed and not "enlarged in [its] operation by construction beyond [its] express terms." *University of Va. Health Servs. Found. v. Morris*, 275 Va. 319, 332 (2008); see also *Schwartz v. Brownlee*, 253 Va. 159, 166 (1977); *Gressman v. Peoples Serv. Drug Stores*, 10 Va. Cir. 397, 402 (1988). While she is correct, it is also true that "[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." *Deutsche Bank Nat'l Trust Co. v. Arrington*, 290 Va. 109, 116, 772 S.E.2d 571, 574 (2015); see also *Commonwealth v. Zanami*, 256 Va. 391, 395, 507 S.E.2d 608 (1998).

Plaintiff also argued that a "pork barrel patch" to Virginia Code § 8.01-581.1 in 2008, after *Alcoy*, which specifically included "staffing to provide patient care" in the determination for "health care," but only for nursing homes, sought to exclude by *expressio unius est exclusio alterius* inadequate

staffing in hospitals. The Court rejects this argument. The primary goal of statutory construction is to ascertain and give effect to the legislative intent. *Commonwealth v. Zamani*, 256 Va. 391, 395 (1998). To read Virginia Code § 8.1-581-1, as requested by Plaintiff, would not only be illogical, but would also defeat the intent of the statute. The Defendants' Riverside Hospital, Inc., Riverside Healthcare Association, Inc., and Virginia Dilday's Motion for Determination of Applicability of Virginia Medical Malpractice Act is granted as to the interpretation of Virginia Code § 8.01-581.1.

The Court finds that Defendants' staffing decisions challenged in this case are subject to the Virginia Medical Malpractice Act. The Court defers ruling on whether Virginia Dilday is a "health care provider" as set forth in Virginia Code § 8.01-581.1.

October 7, 2015

This letter is to clarify my Order entered in this matter concerning the hearing on September 30, 2015, on Plaintiff's Motion To Compel Depositions of Riverside Defendants' Instructor Personnel (hereinafter "Motion To Compel") and Defendants' Motion for Protective Order.

Defendants contend that the witnesses whose testimony Plaintiff seeks, eleven employees of Defendant Riverside Hospital, Inc., do not have any relevant or discoverable information. Defendants further assert the purpose of such depositions to be retaliatory harassment. Defendants asked this Court to deny Plaintiff's Motion To Compel and grant a Protective Order.

Upon careful review of the documents submitted to the Court by the parties and oral arguments in response to this request, the Court found as follows: Pursuant to Rule 4:1(b)(1), "[p]arties may obtain discovery regarding any matter . . . which is relevant to the subject matter involved in the pending action." Va. Sup. Ct. R. 4:1(b)(1). This Court may limit discovery if it finds any such request to be "unreasonably cumulative or duplicative," "unduly burdensome," or if the seeking party has had "ample opportunity . . . to obtain the information sought." *Id.* But it "is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Notwithstanding Defendants' "Irrevocable Stipulations and Admission of Liability" of three of the five Defendants, testimony by personnel responsible for the instruction of Defendants' employees appears sufficiently relevant to ultimate issues in this case. It may also help enhance the understanding and foundation of materials already tendered, rather than being cumulative or duplicative. Far from displaying any insidious motive, Plaintiff's requests appear reasonably intended to unearth admissible evidence. Furthermore, as Plaintiff indicates, the Virginia Supreme Court

has upheld the admission of similar evidence to that sought in this case. *See Riverside Hosp., Inc. v. Johnson*, 272 Va. 518, 636 S.E.2d 416 (2006).

November 23, 2015

This matter comes before the Court upon Defendants Riverside Hospital, Inc., and Riverside Healthcare Associations, Inc.'s Motion for Sanctions and Plaintiff Nancy Peck's Motion To Compel and Motion for Leave To Amend the Complaint.

This Court denies Defendants' Motion for Sanctions and adopts Plaintiff's arguments as its reasoning, but encourages both parties to act with civility.

In reference to Plaintiff's Motion To Compel, Defendant Mallory Campbell will sit for deposition in the City of Newport News. The Court is not convinced that her situation merits an out-of-state deposition.

Defendants need not respond to Supplemental Interrogatory No. 27 or its corresponding Request for Production No. 27, as its multiple subparts cause Plaintiff to exceed the number of Interrogatories permitted by Supreme Court Rule 4:8(g). The parties agree that Interrogatories 1 through 24 and each of the Supplemental Interrogatories, excepting No. 27, contain single questions. Plaintiff must, therefore, reformulate Supplemental Interrogatory No. 27 so as to constitute a single question, and Defendant is thereby ordered to answer the remaining interrogatories and requests for production.

The Court limits the scope of Supplemental Interrogatories Nos. 25 and 26 by defining "custodian." The definition is as follows:

> The individuals whom Defendants, in the routine and ordinary course, would use as repositories of such material and any specific individuals that Defendants actually know have custody of these materials.

As stated above, Defendants are ordered to answer Supplemental Interrogatories Nos. 25 and 26, and their objections as to their relevance are noted and overruled. The parties have further stipulated to the discoverability of surveillance materials if they exist; so the Court hereby grants Plaintiff's Motion To Compel, aside from Supplemental Interrogatory No. 27 and Request for Production No. 27.

The Court will grant Plaintiff's Motion for Leave To Amend the Complaint. The Court is satisfied that Plaintiff has sufficiently stated a claim for punitive damages, given Judge Conway's overruling of Defendants' Demurrer contesting the same allegations in April. The Court accepts Plaintiff's Third Amended Complaint, including Paragraph No. 32, pursuant to Defendants' stipulation that such paragraph remains subject to this Court's ruling in its letter opinion of October 5, 2015.

546

For the foregoing reasons, the Court denies Defendants' Motion for Sanctions. Plaintiff's Motion To Compel with respect to the Supplemental Interrogatory No. 27 and Request for Production No. 27 is denied, but granted with respect to the remaining supplemental interrogatories and requests for production, subject to the definitional limitation imposed upon Supplemental Interrogatories Nos. 25 and 26. The Court grants Plaintiff's Motion To Compel with respect to Defendant Mallory Campbell's deposition and Plaintiff's Motion for Leave To Amend the Complaint.