# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Lisa L. Myers

v.

Riverside Hospital,
Inc., *et al.*

April 21, 2016

Case No. CL1600298B-04

By Judge Bryant L. Sugg

This matter comes before the Court upon Defendant Riverside Hospital, Inc.'s Motion To Quash Subpoena *Duces Tecum* and for Protective Order, by Special Appearance, and Plaintiff Lisa L. Myers' Motion To Enforce § 8.01-413(C) Subpoena *Duces Tecum*.

Plaintiff served upon Defendants a subpoena *duces tecum* requesting, among other materials "[a]ny 'audit trails,' metadata, 'electronic medical record,' 'designated record set,' and other identifiable health information." In response, Defendants produced an "Activity by Medical Record," but none of the metadata underlying Plaintiff's medical record. Defendants concede that Plaintiff is entitled to this information, but both parties dispute the form in which it should be produced.

Plaintiff prefers that Defendant load her medical file and its accompanying metadata onto USB drives, while Defendant has offered to set aside a computer terminal at one of its locations for Plaintiff's counsel to access at an agreed-upon time. Defendant argues that Plaintiff's method would expose it to undue expense, and thereby exceeds its statutory obligations. Plaintiff is not willing to sacrifice the convenience of accessing discovery materials on her own terms, at any time. For the following reasons, the Court is inclined to agree with Plaintiff and require Defendant's production of the metadata on USBs, provided, however, that Plaintiff assumes the cost of preparing them.

Va. Code § 8.01-413 affords prospective plaintiffs a means of requesting medical records from a health care provider before any lawsuit is served. Virginia's Health Records Privacy Act further obligates health care entities

to provide a patient's records upon request, including any "electronically recorded material maintained by a health care entity in the course of providing health services to an individual concerning the individual and the services provided." Va. Code Ann. § 32.1-127.1:03. This statute specifically refers to the federal Health Information Technology for Economic and Clinical Health Act and Health Insurance Portability and Accountability Act, which in tandem impose audit control requirements upon health care providers and mandate that metadata be preserved. Together, these statutes entitle Plaintiff to receive the entirety of her medical record, electronic derivatives included.

As to the form of production, subsection (E) of the Health Records Privacy Act states that "a health care entity shall not be required to provide records in an electronic format requested if . . . the electronic format is not reasonably available without additional cost to the health care entity." *Id.* Defendant interprets this section to absolve it from producing electronic material if doing so would incur any additional cost. The Court is not prepared to go that far, especially in light of subsection (J), which allows the health care provider to "impose a reasonable cost-based fee, which shall include only the cost of supplies for and labor of copying the requested information, postage when the individual requests that such information be mailed, and preparation of an explanation or summary of such information as agreed to by the individual." *Id.* So long as Plaintiff shoulders the expense of preparing the electronic materials in her preferred format, Defendant does not incur any additional cost. And, if Plaintiff so values the ease of accessing the materials at her own convenience, Plaintiff must be willing to pay for that right.

This Court is mindful of the Seventh Circuit's past decisions regarding electronic medical records, and, for the sake of fairness and consistency, intends to craft a concordant remedy. Judge Conway required defendants to provide an "IT-created read-only electronic file of Patient's medical record in its computer system . . . including all text edited and all pages or documents that were inserted, replaced, deleted, merged, or split; and Patient shall reimburse Riverside for its cost of providing the same." *Peck v. Riverside Hosp., Inc.*, 91 Va. Cir. 537, 2014 Va. Cir. LEXIS 152, at *2 (2014). Defendant is capable of doing the same in this case.

The Court asks Defendant to provide Plaintiff with a good faith approximation of the costs required, in supplies and labor, to load a read-only electronic file of Plaintiff's medical record, including all audit trails and metadata, onto USB drives. If Plaintiff believes the estimate to be reasonable, then Defendant may produce the USBs and bill Plaintiff. If, however, Plaintiff feels that Defendant has overstated its anticipated costs, then this Court will hold a hearing to determine reasonable compensation.

The Court hereby denies Defendant's Motion To Quash Subpoena *Duces Tecum* and for Protective Order, by Special Appearance, and grants

Plaintiff's Motion To Enforce § 8.01-413(C) Subpoena *Duces Tecum*, subject to the above-stated qualifications.